JACKSONVILLE CLERGY CONSULTA-TION SERVICE, INC. d/b/a Max Suter Women's Center for Reproductive Health, Jeffrey M. Stowe, M.D., Ralph Bundy, M.D., and Randall Whitney, M.D., Plaintiffs,

v.

Bob MARTINEZ, Governor of the State of Florida, in his official capacity; and Robert Butterworth, Attorney General of the State of Florida, in his official capacity; and T. Edward Austin, State Attorney for the Fourth Judicial Circuit of Florida, in his official capacity, Defendants.

No. 88–809–Civ–J–16.

United States District Court,
M.D. Florida,
Jacksonville Division.

Feb. 13, 1989.

William J. Sheppard, Elizabeth L. White, Jacksonville, Fla., for plaintiffs.

George Lee Waas, Asst. Atty. Gen., Tallahassee, Fla., for defendants.

## ORDER

JOHN H. MOORE, II, District Judge.

This case is before the Court on defendants' motion to dissolve a preliminary injunction entered by order of this Court on October 6, 1988. *See Jacksonville Clergy Consultation Serv. v. Martinez,* 696 F.Supp. 1445 (M.D.Fla.1988). In that order this Court enjoined the enforcement of Florida Statute § 390.001(4), which sought to regulate an unmarried minor's constitutional right to an abortion. The Florida statute is set out in full in this Court's previous order. On January 30, 1989, this Court held a hearing on defendants' motion, at which oral arguments were presented.

When this Court issued its injunction it was specifically concerned about the constitutional shortcomings of the statute's judicial bypass procedure. The statute failed to adequately prescribe procedures for ensuring the confidentiality and anonymity of minors, and to establish sufficient guidelines for an expeditious appeal of a circuit court decision. Although the statute reflected the legislature's intention that petitioners' anonymity be protected, and that any appeal from a circuit court decision be expeditious and confidential, it lacked the degree of specificity and detail required by *Bellotti v. Baird*, 443 U.S. 622, 99 S.Ct. 3035, 61 L.Ed.2d 797 (1979) (Bellotti II), and its progeny. The statute did provide that the Supreme Court of Florida could promulgate rules to effect these requirements. However, as more fully set forth in this Court's prior order, that court had not acted at the time the injunction issued.

Since the issuance of the injunction the Florida Supreme Court has acted twice to establish procedures in an attempt to bring the statute within constitutional requirements. Initially, the state's high court adopted Florida Rule of Civil Procedure 1.612 and Florida Rule of Appellate Procedure 9.110(*l*) for the governance of proceedings pursuant to the statute. Subsequently, the court amended the rules it had previously adopted by deleting the requirement that a petition for abortion be verified. *See In Re: Emergency Amendments to the Rules of Civil Procedure and Rules of Appellate Procedure*, 536 So.2d 198 (1989) (A copy is attached hereto as Appendix 1). It is the effect of these rules that this Court must consider in determining whether to dissolve the preliminary injunction.

■ Defendants argue that the rules adopted by the Florida high court cure any constitutional defects of the statute by providing detailed guidelines regarding how an abortion petition is to be handled in the state courts. They argue that the anonymity of a minor is sufficiently protected by Rule 1.612(e). That subdivision provides:

(e) *Confidentiality.* The proceedings shall be confidential so that the minor shall remain anonymous. The file shall be sealed unless otherwise ordered by the court. If the petition is granted, the clerk shall furnish a certified copy of the judgment or clerk's certificate to the petitioner for delivery to the minor's physician.

In addition, Fla.R.App.P. 9.110(*l*) contains a nearly identical provision for safeguarding a minor's confidentiality and anonymity on appeal.

The plaintiffs counter that these provisions are not sufficient to protect a minor's anonymity. They point out that the rules adopted to implement the statute require the minor (or another person on her behalf) to reveal their name and address, date of birth, and the name, last known address, and telephone number of their parents, custodian, or legal guardian. See Fla.R.Civ.P. 1.612(b)(1)–(3). Despite the fact that the file is to remain sealed unless otherwise ordered by the court, plaintiffs argue that these provisions do not protect a minor's anonymity and, therefore, do not correct the constitutional defects in the statute.

*Bellotti II* requires that the judicial bypass procedure in abortion cases must maintain the anonymity and confidentiality of the petitioning minor. 443 U.S. at 644, 99 S.Ct. at 3048. In order to achieve compliance with constitutional standards Florida has chosen to seal the file of a minor petitioning for an abortion. In determining whether Florida's scheme does meet constitutional standards this Court can look for guidance to analogous statutes that have been approved. In *Planned Parenthood Association of Kansas City v. Ashcroft*, 462 U.S. 476, 103 S.Ct. 2517, 76 L.Ed.2d 733 (1983), the Court upheld a Missouri statute regulating a minor's right to an abortion that required the petitioning minor to set forth their initials, their age, and the names and addresses of each parent, guardian, or person standing *in loco parentis* of the minor. In *Planned Parenthood League of Mass. v. Bellotti*, 641 F.2d 1006 (1981), the First Circuit Court of Appeals approved a Massachusetts statute allowing the use of pseudonyms on pleadings and other papers

in abortion proceedings as adequately protecting anonymity. *Id.* at 1025. *See also, Planned Parenthood Ass'n of Atlanta Area v. Harris,* 670 F.Supp. 971, 992 (N.D. Ga.1987) (Court wrote that defects in Georgia law regarding the lack of specific provision for confidential recordkeeping could be remedied by sealing all records).

As these cases illustrate, the idea behind requiring anonymity and confidentiality is to prevent public disclosure of minors seeking court approval in order to obtain an abortion. Public disclosure would risk placing a chill on the exercise of constitutional rights. As the Supreme Court has written, "[a] woman and her physician will necessarily be more reluctant to choose an abortion if there exists a possibility that her decision and her identity will become known publicly." *Thornburgh v. American College of Obstetricians and Gynecologists,* 476 U.S. 747, 106 S.Ct. 2169, 2182, 90 L.Ed.2d 779 (1986).

While mindful of this concern, the Court concludes that the rules promulgated by the Florida Supreme Court for implementing the statute satisfy constitutional demands of anonymity and confidentiality. The rules affirmatively state that the file shall be sealed at both the circuit court and court of appeal, unless otherwise ordered by the court. Sealing the file will sufficiently ensure that minors will not suffer the risk of public disclosure. Unlike ordinary civil files, a sealed file is unavailable for public scrutiny. Documents in a sealed file cannot be duplicated with copying machines by members of the public. In fact, sealing a file is probably more protective of a minor's identity than the procedures approved of by the Supreme Court in *Ashcroft,* and by the First Circuit in *Bellotti.*

Plaintiffs argue that the phrase "unless otherwise ordered by the court" places impermissible discretion in the hands of judges to open a sealed file. However, it is the opinion of this Court that state court judges will not abuse their discretion or act arbitrarily. Both the statute and rules reflect the policy that the proceedings shall maintain anonymity and confidentiality. In addition, the grammatical structure of the rule indicates that even if a court orders the file unsealed it shall remain confidential in order that anonymity is maintained. Finally, in this Court's opinion the words "unless otherwise ordered by the court" is merely phraseology meant to allow the state courts a certain amount of discretionary flexibility for dealing with circumstances unforeseeable at this time.

■ Another of the Court's concerns at the time it entered the preliminary injunction was the lack of specificity and detail in the statute for the expeditious disposition of an abortion petition. This Court noted that no provision was made in the statute for what happens in the event a circuit court fails to rule on a petition within 48 hours of filing. Rule 1.612(d) now dictates that absent a court order within the prescribed time period the petition will be deemed granted. This Court was also concerned that the statute failed to define procedures for an expedited appeal of a circuit court decision denying a petition. That concern has now been disposed of in light of Fla.R.App.P. 9.110(*l*). The rule provides that a district court of appeal shall render its decision as "expeditiously as possible and by no later than ten days from the filing of the notice of appeal." If no decision is rendered within that time the circuit court's order is deemed reversed and the petition deemed granted. The Court concludes that these rules are detailed and specific enough to bring the law within constitutional standards.

■ The plaintiffs also object to the dissolution of the injunction on the ground that the statute and rules promulgated thereunder make no provision for the appointment of counsel to assist a minor in prosecuting their petition. Plaintiffs cite *Ind. Planned Parenthood v. Pearson,* 716 F.2d 1127 (7th Cir.1983), to support the proposition that the appointment of counsel should be constitutionally required. However, there is no controlling precedent in this circuit or from the Supreme Court that requires the appointment of counsel in abortion cases.

In *Lassiter v. Department of Social Services of Durham County,* 452 U.S. 18, 101

S.Ct. 2153, 68 L.Ed.2d 640 (1981), the Court confronted the issue of whether a state court would be required by the due process clause of the fourteenth amendment to appoint counsel to indigent parents in parental termination proceedings. The Court determined that due process did not require the appointment of counsel in every case and left the question to the trial court, subject to appellate review. In so holding, the Court quoted its opinion in *Gagnon v. Scarpelli*, 411 U.S. 778, 790, 93 S.Ct. 1756, 1764, 36 L.Ed.2d 656 (1973), that "[i]t is neither possible nor prudent to attempt to formulate a precise and detailed set of guidelines to be followed in determining when the providing of counsel is necessary to meet the applicable due process requirements." 452 U.S. at 32, 101 S.Ct. at 2162. Likewise, here, because of the myriad of potential facts and circumstances that may arise in abortion cases, this Court is of the opinion that requiring appointed counsel in all cases would be neither wise nor practical. The rules promulgated under the statute provide that "[n]o defect in the form of the petition shall impair substantial rights and no defect in the statement of jurisdictional facts shall render any proceeding void." Fla.R.Civ.P. 1.612(b). Thus, the filing of a petition is not subject to the stringent standards against which more formal pleadings might be evaluated. The rule indicates that petitions are to be liberally accepted. Liberally construing such petitions substantially obviates the function attorneys serve in acting as guides through the legal system's procedural maze for the average litigant. Therefore, the plaintiffs' argument that the appointment of counsel is constitutionally required is rejected.

In conclusion, the promulgation of rules by the Florida Supreme Court for implementing the Florida Abortion Statute has succeeded in bringing Florida law into line with constitutional requirements. The concerns this Court expressed in its order enjoining the statute have been satisfied. The rules sufficiently protect the confidentiality and anonymity of petitioning minors. The rules specify the process by which an expeditious disposition of a petition is to be made. Finally, the Court rejects plaintiffs' argument that the Constitution requires court-appointed counsel in all abortion cases. The Court, therefore, concludes that the defendants' motion to dissolve the preliminary injunction should be granted. Accordingly, it is now

ORDERED AND ADJUDGED:

That the defendants' motion to dissolve the preliminary injunction is GRANTED, and that the preliminary injunction heretofore entered by this Court on October 6, 1988, enjoining the enforcement of Florida Statute § 390.001(4) is hereby DISSOLVED.

DONE AND ORDERED.

# APPENDIX

Rules of Civil Procedure—Rules of Appellate Procedure—Emergency amendments—Termination of pregnancies of unmarried minors

IN RE: EMERGENCY AMENDMENTS TO RULES OF CIVIL PROCEDURE AND RULES OF APPELLATE PROCEDURE. Supreme Court of Florida. Case No. 73,178. January 11, 1989. Original Proceeding—Rules of Civil Procedure and Rules of Appellate Procedure.

## REVISED OPINION
[Original Opinion at 13 F.L.W. 621]

On October 17, 1988, this Court issued emergency amendments to the Rules of Civil Procedure and the Rules of Appellate Procedure relating to the termination of pregnancy. These amendments were deemed to be effective immediately. However, because of their emergency nature, we directed that any person could file with this Court within sixty days a petition seeking to change these emergency rules in any manner. In the meantime, by order entered December 30, 1988, we approved editorial revisions to Florida Rule of Civil Procedure 1.612.

Only two petitions seeking changes in the emergency amendments have been filed. Upon consideration of the petitions, Florida Rule of Civil Procedure 1.612 is hereby further amended through the elimination of section (c), which required the petition to be signed under oath, and the relettering of the subsequent sections of the rule. This further amendment shall be effective immediately and no petition for rehearing shall be permitted. The Court now approves the attached copy of rule 1.612 for publication.

It is so ordered.

---

(PER CURIAM.) In 1988 the Florida Legislature amended section 390.001, Florida Statutes (1987), to provide for the obtaining of a court order authorizing for good cause the termination of pregnancy of an unmarried minor without the written consent of her parent, custodian, or legal guardian. The amendment contemplates that this Court will promulgate rules necessary to ensure that proceedings brought pursuant to the amendment are handled expeditiously and are kept confidential. Because the effective date of the amendment was October 1, 1988, there has been insufficient time to conduct the normal rulemaking procedures prescribed in rule 2.130 of the Rules of Judicial Administration. As a consequence, this Court hereby adopts rule 1.612 attached hereto as an emergency amendment to the Rules of Civil Procedure and rule 9.110(*l*) attached hereto as an emergency amendment to the Rules of Appellate Procedure.

These amendments shall be effective immediately, and no petition for rehearing shall be permitted. However, any person may file with this Court within sixty days a petition seeking to change these emergency rules in any manner.

It is so ordered. (EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., Concur.)

## RULE 1.612 TERMINATION OF PREGNANCIES OF UNMARRIED MINORS

(a) Commencement. The action shall be commenced by filing a petition in circuit court by the unmarried minor or another person on her behalf.

(b) Petition. No defect in the form of the petition shall impair substantial rights and no defect in the statement of jurisdictional facts shall render any proceeding void. The petition for termination of pregnancy shall state:

(1) The interest of the petitioner and his or her name and address.

(2) The date of birth of the minor.

(3) The name, last known address, and telephone number of the parents, custodian, or legal guardian of the minor.

(4) That the minor is under age of 18 years and unmarried.

(5) That the minor is pregnant.

(6) A short and plain statement of the facts and a reasonable basis for establishing any of the following:

(A) That the minor is sufficiently mature to give an informed consent to the procedure; or

(B) That consent of the parent, custodian, or legal guardian is being unreasonably withheld; or

(C) That the facts justify the minor's fear of physical or emotional abuse if her parent(s), custodian(s), or legal guardian(s) were requested to consent; or

(D) Any other good cause.

(c) Hearing. At the discretion of the court an order on the petition may be entered ex parte. If the court requires a hearing, it shall be held expeditiously. The clerk shall give notice to the minor and any petitioner on her behalf before the hearing.

(d) Judgment. The court shall enter a judgment within 48 hours after the petition is filed unless the time is extended at the request of the minor. The judgment shall recite findings in support of the ruling. If no judgment is entered within the time period, the petition shall be deemed granted and the clerk shall place a certificate to this effect in the file.

(e) Confidentiality. The proceedings shall be confidential so that the minor shall remain anonymous. The file shall be sealed unless otherwise ordered by the court. If the petition is granted, the clerk shall furnish a certified copy of the judgment or clerk's certificate to the petitioner for delivery to the minor's physician.

## FLORIDA RULE OF APPELLATE PROCEDURE 9.110(*l*)

(*l*) Exception. Where an unmarried minor or another person on her behalf appeals an order denying a petition for termination of pregnancy, the district court of appeal shall render its decision on the appeal as expeditiously as possible and by no later than ten days from the filing of the notice of appeal. Briefs or oral argument may be ordered at the discretion of the district court of appeal. If no decision is rendered within the foregoing time period, the order shall be deemed reversed, the petition shall be deemed granted, and the clerk shall place a certificate to this effect in the file. The appeal and all proceedings thereon shall be confidential in order that the minor shall remain anonymous. The file shall remain sealed unless otherwise ordered by the court. Should the petition be granted, the clerk shall furnish the petitioner a certified copy of the decision or clerk's certificate for delivery to the minor's physician.